UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
MAY 25 2006

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 06-30029 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| JAMES BOWERS, JON BOWERS, KENT BOWERS, KURT BOWERS, and KERWIN MILLER, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending are the Second and Third motions for the Admission *Pro Hac Vice* of Robert Alan Jones (Docs. 88 and 115) to represent Defendant Kent Bowers. A hearing was held on Tuesday, May 16, 2006. Defendant Kent Bowers was personally present and was represented by Wade Reimers  Mr. Jones was also present. Defendant James Bowers was personally present and was represented by his counsel, Mr. Patrick Duffy. Mr. Jon Bowers was personally present and was represented by his counsel, Mr. John McCahill and Mr. Tom Maher.  Mr. Kurt Bowers was personally present and was represented by his counsel, Mr. Clint Sargent.  The Government was represented by Assistant United States Attorney, Mr. David Zuercher.

## BACKGROUND

Mr. Reimers previously moved for Mr. Jones's *pro hac vice* admission to represent Kent Bowers (Doc. 48). The motion was denied without prejudice (Doc. 52). At the time, Mr. Reimers represented Mr. Kurt Bowers, not Kent Bowers (Doc. 34).[1] The South Dakota Rules of Professional Conduct 1.7 do not allow an attorney to represent a client if a conflict of interest exists, and the

---

[1] Attorney Robert B. Anderson appeared for all the Bowers defendants for the limited purpose of their initial appearances, arraignment and detention hearings. (See Docs. 11, 29, 49). Attorney Anderson thereafter withdrew as counsel for all the Bowers defendants (Doc. 49).

South Dakota United States District Court Local Rule 83.2(E) requires local counsel to retain full authority to act on behalf of the client despite *pro hac vice* counsel admission.

Subsequently, Mr. Reimers moved to withdraw as counsel for Kurt Bowers and moved to act as local counsel for Kent Bowers (Doc. 68, 71). Both motions were granted (Doc. 75, 78). Mr. Reimers noticed his appearance for Kent Bowers (Doc. 82), and again moved for the *pro hac vice* admission of Mr. Jones (Doc. 88). Meanwhile, Clint Sargent noticed his appearance for Kurt Bowers (Doc. 54). During a status conference hearing on April 19, 2006 in which the *pro hac vice* issue and others were discussed, Mr. Reimers represented to the Court that no privileged information was discussed during his brief representation of Kurt Bowers. Kurt Bowers filed a written waiver of any potential conflict, indicated he had decided to seek other counsel, and consented to allow Mr. Reimers represent Kent. (Doc. 69). During the April 19 hearing, Kent Bowers acknowledged and verbalized an understanding of the potential problem and nevertheless stated his desire for Mr. Reimers to remain as his local counsel.

## DISCUSSION

*Pro hac vice* motions do not normally require a hearing, let alone two hearings or a Memorandum Opinion. There are unusual circumstances in this case.

### 1. Contents of the *Pro Hac Vice* Motions

The United States District Court Local Rule 83.2(E) regarding *pro hac vice* admission applies in civil actions. The local rules provide no specific requirements for *pro hac vice* applications in criminal actions.

Mr. Reimers's first motion to admit Mr. Jones to practice *pro hac vice* in the District of South Dakota (Doc. 48) includes a statement that Mr. Jones is admitted to practice in the District of Columbia. An attached statement signed by Mr. Jones states Mr. Jones is "a member in good standing of the *U.S. District Court for the District of Columbia . . .*" Upon inquiry, Court staff was informed Mr. Jones is a member of the District of Columbia Bar Association. The District Court for the District of Columbia, however, could find no record of Mr. Jones. This discrepancy was brought to the attention of Mr. Reimers during the April 19, 2006 hearing. The Court suggested perhaps the statement regarding membership in the U.S. District Court for the District of Columbia in the first *pro hac vice* motion had been made in error. Thereafter, the second *pro hac vice* motion was filed with an identical statement by Mr. Jones, followed shortly thereafter by a faxed copy of Mr. Jones's certificate of admission to the United States District Court, District of Columbia, dated

2

October 7, 1970. (Ex A). It appears the District of Columbia Local Rules of Practice require membership renewal every three years. See District of Columbia LCvR 83.9, LCrR 44.5(b).[2]

At the *pro hac vice* hearing on May 16, 2006, Mr. Jones addressed the Court. He explained that he practices in many District Courts, and because his office personnel handles renewal of his District Court memberships, administrative error rather than intentional misrepresentation was the cause of the discrepancy between the statement he made on the *pro hac vice* applications and the information provided by the District Court for the District of Columbia.

Attorney McCahill addressed the Court and stated that he is a member of the U.S. District Court for the Eastern District of Virginia. He moved for Mr. Jones's admission to the U.S. District Court for the Eastern District of Virginia in March, 2006, and was present when Mr. Jones was admitted to practice in that district. During the hearing, a Third Motion for the *Pro Hac Vice* Admission of Robert Alan Jones was prepared (Doc. 115), reflecting his Bar membership in the District of Columbia and the U.S. District Court for the Eastern District of Virginia.

The Court is satisfied that Mr. Jones is a member in good standing of a state Bar Association (or the equivalent thereof in the District of Columbia) and admitted to practice in another United States District Court. He is encouraged to remove the U.S. District Court for the District of Columbia from the list of courts in which he holds himself out as being admitted to practice until his admission to practice in the U.S. District Court for the District of Columbia is resolved.

### 2. Conflict of Interest

It has also been brought to the Court's attention that Mr. Jones previously represented all the Bowers Defendants regarding previous civil tax matters and apparently during the Grand Jury investigation which resulted in the pending criminal charges. See Conflict of Interest Waiver Statements, Docs. 69, 89, 110, 111, 112. The Assistant United States Attorney offered two Exhibits during the May 16 hearing (Ex. 1 and 2)[3] which purport to show Mr. Jones also represents various

---

[2] The rules require members of the D.C. Circuit Court to file, every three years, certificates of familiarity with the Rules of Civil Procedure, Rules of Evidence, the Local Rules, Rules of Professional Conduct, and if they represent criminal defendants, the Rules of Criminal Procedure and the Sentencing Guidelines.

[3] Defendant objected to Exhibit 1 during the hearing. It was taken under advisement, and it is now received. Mr. Jones explained the contents of Exhibit 1 are inaccurate. He explained he does not and will not under any circumstances represent any principals of Aegis trusts, but will and does represent individual members, and one seller. None of them are acquainted with

3

other members and principals of the Aegis Trust program. The United States Attorney asserts Mr. Jones's representation of others who are involved in the Aegis Trust program (at least one of which the the U.S. Attorney states is currently also under indictment) presents an inherent conflict of interest which should prohibit Mr. Jones's representation of Kent Bowers in this case. For example, the U.S. Attorney asserts if he offers Kent Bowers a plea agreement, it will include an agreement to testify against any other Aegis "co-conspirators" and Mr. Jones would not be in a position to adequately advise Kent Bowers about such a plea agreement.

South Dakota Rules of Professional Conduct 1.7 provides:

(a) Except as provided by paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or same matter before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Additionally, Fed. R. Crim. P. 44(c) provides:

**(c) Inquiry Into Joint Representation**
> **(1) Joint Representation** Joint representation occurs when:
>> **(A)** two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and
>> **(B)** the defendants are represented by the same counsel, or counsel who are associated in law practice.
>
> **(2) Court's Responsibilities in Cases of Joint Representation.** The court must inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that

---

any member of the Bowers family. See also Declaration of Robert Alan Jones, Attachment to Doc. 113.

4

>no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

A conversation between Kent Bowers and the Court occurred during the *pro hac vice* hearing to determine whether he understood the nature of the possible conflict of interest presented by Mr. Jones's representation. Mr. Bowers is forty-four years old and has a college education. He is well-spoken and is a business owner. He was present during both the April 19 status conference and the *pro hac vice* hearing and listened to the presentation by the court and counsel regarding the following possible disadvantages Mr. Jones's representation of others who have interests similar to his:

- prevention of independent investigation of the case
- the government could offer immunity, and the lawyer's ability to communicate the offer could be influenced by dual representation
- limited examination and cross-examination because of confidential information from another client
- the inability to "point the finger" at a co-defendant or co-conspirator (the other client)
- the inability to offer or object to evidence which may be harmful to another defendant in another case elsewhere (the other client)
- the inability to negotiate with the Government, post-trial, regarding cooperation against others for sentencing purposes
- the inability to continue to serve as counsel should the defendant assert advice of counsel as a defense, and should, as a result, the Government or any co-defendant call counsel as a witness in the case, or should any co-defendant wish to call counsel to establish their own defense

The Court also referred Kent Bowers to the comments following Rule 44 regarding joint representation. The Court invited comments from Mr. Reimers and Mr. Jones, as well as comments from the other Bowers' counsel regarding their perception of any potential conflict of interest. All co-defense counsel stated on the record they have no intention of calling Mr. Jones as a witness in the case as part of their defense. Counsel also indicated they, and each of their clients, have executed "Joint Defense Information Sharing Agreements." All of the Bowers defendants were invited to ask questions (in addition to the written waivers of conflict of interest already on file) and there were none. Mr. Reimers indicated Kent Bowers hired Mr. Jones long after the date of the alleged overt acts in the indictment, so there should be no advice of counsel issue. Mr. Jones explained he has previously advised Jon, James and Kurt Bowers regarding civil tax matters, but he informed them that should criminal charges be filed, all would require separate counsel. See also Declaration of Robert Alan Jones, Attachment to Doc. 113.

5

Finally, Kent Bowers was provided the opportunity to ask questions and to explain on the record his understanding of the rights he would waive should he persist in his desire to have Mr. Jones represent him. Mr. Bowers did not have any questions, but clearly articulated his request for Mr. Jones to represent him regardless of the potential for conflict . Mr. Bowers explained he does not know anything about and has never met the other person (Mr. Richardson) to whom the United States Attorney refers that Mr. Jones represents who is under indictment in another district. Kent Bowers expressly waived his Sixth Amendment right to representation by counsel who is without, in his words, "some conflict or baggage."

The Sixth Amendment to the Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The Sixth Amendment right to counsel, however, guarantees an effective advocate for each defendant rather than representation by the advocate he prefers. Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988). The right to choose one's own counsel is limited in several important respects. A defendant may not insist on representation by an attorney who has a previous or ongoing relationship with an opposing party. And while representation of co-defendants is not *per se* violative of the constitutional guarantees of effective assistance of counsel, " a court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." Wheat, Id. 486 U.S. at 160, 108 S.Ct. at 1697.

The district court must, however, recognize a *presumption* in favor of a defendant's counsel of choice. United States v. Francis, 367 F.3d 805, 831 (8th Cir. 2004) cert. granted, vacated on other grounds, 543 U.S. 1098, 125 S.Ct. 1008, 160 L.Ed.2d 1034 (2005). The presumption may be overcome by a demonstration of actual conflict, and by a showing of serious potential for conflict. Id. Most recently, the Eighth Circuit has noted "lawyers are not fungible, and often the most important decision a defendant makes in shaping his defense is his selection of an attorney . . . furthermore, a defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted *pro hac vice*." United States v. Gonzalez-Lopez, 399 F.3d 924, 929 (8th Cir. 2005) cert. granted 126 S. Ct. 979 (2006) .[4] Thus, a decision denying *pro hac vice* admission "necessarily implicates constitutional concerns." Id.

---

[4] The United States Supreme Court heard oral argument in Gonzalez-Lopez on Tuesday, April 18, 2006.

6

In this case, Mr. Kent Bowers wishes to be represented by Mr. Jones. The potential for conflict (and the possibility it may affect Kent Bowers's Sixth Amendment right to effective counsel) must be weighed against another aspect of Kent Bower's right to counsel–counsel of his choice. As noted in Wheat, this decision must be made without the benefit of hindsight. "A few bits of unforeseen testimony or a single previously unknown or unnoticed document may significantly shift the relationship between multiple defendants." Wheat, 486 U.S. at 163, 108 S.Ct. at 1699. While a potential for conflict exists, the potential is not serious enough to overcome the presumption in favor of Kent Bowers's counsel of choice.

The Government identified plea bargaining as the only known subject about which an actual conflict might exist, in reference to Kent Bowers's disclosure of his knowledge of Mr. Richardson's activities in connection with the Ageis Trust. Kent Bowers has explained he knows nothing about and has never met the other Aegis Trust participant Mr. Jones represents in Ohio (Mr. Richardson). The potential for conflicts as being associated with representation of Mr. Richardson regarding regarding investigation, immunity, cross-examination, disclosure after potential conviction, and the other possible conflicts mentioned during the hearing is minimal.

Mr. Jones's previous representation of the other Bowers defendants presents a more difficult issue. Mr. Jones represented to the Court that he is satisfied nothing in his previous civil tax representation of the Bowers family members matters or his assistance in responding to the Grand Jury subpoenas presents a conflict of interest. "Courts generally give substantial weight to defense counsel's representations regarding conflicts of interest." United States v. Agosto, 675 F.2d 965, 972 (8th Cir. 1982), abrogated on other grounds, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 2881 (1984). Additionally, both Kent Bowers and Mr. Jones have asserted orally and in writing that Mr. Jones is uniquely knowledgeable and qualified to represent Kent. Each of the Bowers's lawyers assured the Court that the defense in this case is intended to be a cooperative one–as evidenced by the Joint Defense Information Sharing Agreement which has been signed by all the Bowers defendants and their lawyers. Finally, each Bowers defendant has given informed consent, in writing. It appears, therefore, that all the requirements of South Dakota Rules of Conduct 1.7 have been met. For these reasons, the waivers of the potential conflicts of interest are accepted and Mr. Robert Alan Jones is admitted *pro hac vice* to represent Kent Bowers.

## CONCLUSION AND ORDER

It appears not all of the information contained in the Second Motion to admit Robert Alan

7

Jones *Pro Hac Vice* is accurate. Mr. Jones is a member of the District of Columbia Bar Association and the United States District Court for the Eastern District of Virginia. Defendant Kent Bowers expressed a strong desire to have Mr. Jones to represent him. All of the Bowers defendants have been fully advised of the potential for a conflict of interest to arise if Mr. Jones represents Kent Bowers. All have signed written waivers. The potential for conflict does not outweigh the presumption in favor of Kent Bowers's counsel of choice. Therefore,

IT IS ORDERED that the Second Motion to Admit Robert Alan Jones *Pro Hac Vice* (Doc. 88) is DENIED and the Third Motion to admit Robert Alan Jones *Pro Hac* Vice (Doc. 115) is GRANTED.

Dated this 25th day of May, 2006.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By *Shelly Margulior*, Deputy
(SEAL)

8